ROBERT MIESS, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 17553.

Court of Claims, December, 1923.

*State — motor vehicles — claim for damages arising from collision between claimant's automobile and truck owned by state — claim dismissed where evidence disclosed sufficient room upon road for claimant to pass and that accident occurred during daylight.*

CLAIM for damages to motor truck in state highway.

*Orla E. Black* (*J. M. Seymour,* of counsel), for claimant.

*Carl Sherman,* attorney-general (*Albert E. Campbell,* deputy attorney-general), for State of New York.

MORSCHAUSER, J. The claimant presents a claim, alleging that on the 14th day of November, 1922, in the morning, on the highway leading from Buffalo to Salamanca, at a point between the village of Little Valley and the village of Cattaraugus, the state with one of its trucks hauling a road scraper stopped in the roadway and that the claimant driving along the highway in his automobile in an easterly direction towards his home collided with said truck and damaged his machine, for which he claims damages.

The claimant alleges that the negligence consisted in the state allowing its truck to stand upon the highway without any lights on it while it was still dark and that this was such a defect as to hold the state liable.

It appears from the evidence that the claimant left Buffalo about three o'clock in the morning and had had no sleep up to that time that day and was driving his car from the time he left Buffalo to the point of the accident, which accident occurred early in the morning. There is some dispute as to whether at the time the truck stopped it was daylight or not. The claimant himself testified that it was still dark and his lights were lit on his automobile and he produced witnesses showing that at the time of the accident it was still not sufficiently daylight so that the truck could be seen some distance ahead. The state produced two persons, who were operating the truck at the time of the accident, and also two

other witnesses who all testified that it was daylight and that the lights upon the truck had been extinguished as the daylight had advanced sufficiently so that the lights upon the truck were not needed, and also established by several witnesses that shortly after the accident the claimant appeared sleepy and drowsy. The claimant testified that his lights were lit and that he could see ahead something like seventy-five feet.

It also appears that there was sufficient room upon the road for the claimant to have passed in safety without colliding with the truck.

We are satisfied from the evidence that it was daylight at the time of the collision; that the claimant had sufficient room to pass the truck in safety and that the accident to the claimant happened through his own fault and negligence and not through any fault or negligence on the part of the state.

The claim of the claimant is, therefore, dismissed.

ACKERSON, P. J., concurs.

Judgment accordingly.